*Decision will be entered under Rule 50.*

CLARENCE H. JOHNSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28997.  Promulgated December 6, 1928.

*William H. Oppenheimer, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

**OPINION.**

LANSDON: The only question to be determined in this proceeding is whether petitioner was an employee of the State of Minnesota within the meaning of section 1211 of the Revenue Act of 1926, which provides:

Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employe of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The petitioner does not contend that he was an officer of the State, but alleges that he was an employee of the Board of Control of Minnesota which was created and exists by virtue of the following provisions of the General Statutes of Minnesota, 1913:

Section 4001: ORGANIZATION—The state board of control shall consist of three members, appointed by the Governor with the consent of the Senate, each for a term of six years, and until their successors qualify. * * *

Section 4003: OFFICE, SEAL, SUPPLIES, ETC.—Said Board shall be provided with suitable furnished offices at the seat of government, and may procure all books, blanks, stationery, postage, and other office supplies required in the trans-

action of its business. It shall employ an architect, a secretary, and other needed office help. It shall have an official seal, and authenticate therewith all commissions, discharges, paroles, and other like documents. All contracts made by the Board shall be in writing, signed by its chairman. (1860).

Section 4031: PLANS AND SPECIFICATIONS—LIMITATIONS—Said board shall prepare plans for all improvements or buildings costing more than one thousand dollars, for which it may recommend an appropriation. Such plans shall be paid for out of any money in the state treasury not otherwise appropriated, but when an appropriation has been made for the purpose of constructing such building, the fund from which payment for plans was made shall be reimbursed from such appropriation and not part of the balance shall be expended until the board has secured suitable plans and specifications, prepared by a competent architect, and accompanied by a detailed statement of the amount, quality and description of all material and labor required for the completion of the work; * * *

It is the petitioner's contention that the statute authorizing the Board of Control " to employ " an architect is conclusive of the question whether petitioner was an employee or an independent contractor. We do not agree with petitioner. Whether or not he was an employee within the meaning of the Revenue Act depends upon the facts and the provisions of the contract. " Employ " means to infold, involve, implicate, or engage. To employ " is to make use of the services of; to have or keep at work; to give employment to; to intrust with some duty or behest." Webster's New International Dictionary. An independent contractor is employed when his services are engaged, but he is not an employee within the meaning of section 1211. In *Fred H. Tibbetts*, 6 B. T. A. 827, where we held that a civil engineer who had performed services for political subdivisions of the State of California was not an officer or employee of the State or its political subdivisions within the meaning of section 1211, the resolution adopted by the Trustees of the Reclamation District provided " that Engineer Fred H. Tibbetts, be, and he is hereby, employed." In *Emma B. Brunner, Executrix*, 5 B. T. A. 1135, we held that an architect engaged by contracts between himself and the Commonwealth of Pennsylvania and the cities of Albany and New York, N. Y., was not an officer or employee within the meaning of section 1211. The contract in that case provided for the " employment " of the decedent. In *Mesce* v. *United States*, 64 Ct. Cls. 481, the ordinance passed by the city council of the City of Chicago authorized the board of local improvements " to employ " real estate experts. The Court of Claims held that the plaintiff was an independent contractor.

The facts in the instant case are substantially different from those in *W. B. Mathews*, 13 B. T. A. 1133; *Howard Webster Byers*, 8 B. T. A. 1191; *John E. Mathews*, 8 B. T. A. 209; *P. Frank Durkin*, 4 B. T. A. 743. Each of those cases contains facts characteristic of the relationship of employer and employee.

Here, on the other hand, petitioner maintained his own office; employed from ten to eighteen assistants; was free to accept other employment; received, in most instances, a certain percentage of the cost of the buildings; was required to give no certain amount of time to the State; and was only bound to produce a specific result by using his best professional skill. Income from outside sources amounted to $22,393, $10,968, and $22,319.99, respectively, for the years 1922, 1923, and 1925.

We are of the opinion that petitioner was an independent contractor, and that the respondent correctly included the compensation received from the State of Minnesota in taxable income. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Lyons* v. *Reinecke*, 10 Fed. (2d) 3; *Mesce* v. *United States, supra; R. Clipston Sturgis*, 10 B. T. A. 1394; *George W. Fuller*, 9 B. T. A. 708; *Fred H. Tibbetts, supra; Emma B. Brunner, supra.*

*Decision will be entered for the respondent.*